CLINTON C. STEPHENS, Appellant, v. STEPHEN C. GRENIER, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Hill, P. J., Heffernan and Foster, JJ., concur; Brewster and Deyo, JJ., dissent. [See *ante*, p. 837; *post,* p. 1035.]

CHARLES W. PALMER, Respondent, v. SOCONY-VACUUM OIL COMPANY, INC., Respondent, and FRANK W. KINGSLEY, Appellant. MARY J. PALMER, Respondent, v. SOCONY-VACUUM OIL COMPANY, INC., Respondent, and FRANK W. KINGSLEY, Appellant.— Appeal from an order of the Supreme Court, Saratoga Special Term, denying defendant Kingsley's motion for a separate trial of issues raised by a cross complaint contained in the answer of the defendant Socony-Vacuum Oil Company. The order appealed from was discretionary. The issues involved are not complicated and no clear legal right to a separate trial has been shown. Order affirmed, with $10 costs. Brewster, Foster, Russell and Deyo, JJ., concur; Hill, P. J., dissents and votes to dismiss the appeal, in the following memorandum: Appeal by defendant Kingsley from an order denying a motion to try separately the issue of contract liability raised by the codefendant oil company's answer. The plaintiffs-respondents bring these actions for damages alleged to have been caused by the combined negligence of both defendants. General denials have been pleaded. Defendant-respondent oil company sets up cross answers against the codefendant alleging contract liability on his part in the event of a recovery against the oil company by plaintiffs for negligence. A separate trial of the issues would seem required in the interests of clarity but, the determination of this issue is an incident of a trial and not appealable. Appellant, following a trial, may have a review if the discretion of the trial justice was unwisely exercised. For this reason I vote to dismiss the appeal.

In the Matter of ADDISON OUTWATER, Petitioner, against SPENCER E. BATES et al., Constituting the State Tax Commission, Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission, which denied petitioner's application for a revision or refund of income tax assessments against petitioner for the years 1942 and 1943, transferred to this court by order of the Albany County Special Term. The evidence, and particularly the partnership agreement, clearly indicates that the petitioner, a nonresident, was not a commission agent, but rather, was a partner in the New York firm known as Tankers Company, within the intent and meaning of subdivision 11 of section 350 of the Tax Law. The test of petitioner's status under this section is whether or not he was engaged as a principal in the business venture, and the fact that he received a percentage of the gross earnings of the company rather than a share in its profits, is not conclusive. As a partner, petitioner is taxable within this State for his distributive share of the partnership income (Tax Law, § 364). The determination of the State Tax Commission unanimously confirmed, with $25 costs and disbursements. Present — Hill, P. J., Brewster, Foster, Russell and Deyo, JJ.